UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            2:09-cr-46-FtM-29DNF

JOSEPH LEWIS SMITH
_____

**OPINION AND ORDER**

On November 6, 2009, United States Magistrate Judge Douglas N. Frazier submitted a Report and Recommendation (Doc. #41) to the Court recommending that Defendant's Motion to Suppress Evidence Received by Plaintiff as a Result of Three Unlawful Searches Conducted by Law Enforcement Pursuant to Three Separate Search Warrants, Respectively, and One Unlawful Warrantless Vehicle Search (Doc. #26) be denied. Defendant filed Objections (Doc. #46) on November 16, 2009.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the

district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

**A. February 17, 2009 Search Warrant**

A state law enforcement officer obtained a search warrant from a state judge which did not specifically authorize the search or seizure of a "computer." Pursuant to this state search warrant, the officers seized two computers from defendant's residence. Defendant argues that this seizure was not authorized by the search warrant and was therefore unlawful.

Sergeant Christopher Arey (Sgt. Arey), Lee County Sheriff's Office, was assigned to investigate a report of the molestation of an eight year old girl by defendant Joseph Lewis Smith (defendant or Smith). Sgt. Arey prepared an Affidavit for Search Warrant (Affidavit) which he signed before a state court circuit judge on February 17, 2009. (Gov't Exh. 1b.) The Affidavit summarized Sgt. Arey's investigation of the lewd and lascivious molestation allegedly committed by defendant Smith upon the eight year old girl. The Affidavit included discussion of a controlled telephone

call between the victim's mother and Smith. Included in the Affidavit was the following summary of a portion of that controlled telephone call:

> The suspect was asked why he would have an eight year old child disrobe in front of him and not tell the mother what he was doing. The suspect advised he used the mother's computer at the mother's residence and his computer at his residence to research, How to bond with a child. The suspect indicated the website that the suspect could not remember instructed the parent or parental figure to give the child massage in an attempt to get closer to the child figure.

(Id.) The mother informed Sgt. Arey that she checked her computer and found that no such website had ever been accessed.

The Affidavit stated that the evidence to be searched for included "but [is] not limited to the below listed items." Nine items were listed as "Items To Be Searched For." Items 4-7 are relevant to the motion:

> 4) Data records related to the above computer related items, whether stored on paper (including computer printouts), on magnetic media such as tapes, cassettes, disk or memory devices such as optical disks, electronic address books, or any other storage media.
>
> 5) Any document or other papers which contain set or sets of numbers or characters which may represent access codes or passwords for the computer, stored computer records, any on-line services, or other long distance carriers, and/or authorized credit agencies.
>
> 6) Back-up copies of data and programs on floppy diskettes and other storage media. (Because computer stored data is so vulnerable, most computer users keep back-ups so if data is erased or deleted from the system itself, it may be recoverable on the back-up copies.)
>
> 7) Data contained on all storage devices, including, but not limited to graphic and text files.

(Id.) Nowhere was a "computer" ever identified as an item to be searched for.

The Search Warrant (Gov't Exh. 1a) did not include the investigative summary or the conversation related to computers, but included the same list of nine "Items To Be Searched For." The list did not specifically include a "computer," and no mention of an actual computer was made in the Search Warrant. Item 4 continued to state "Data records related to the above computer related items, . . .", but there was no such "above computer related items" mentioned in the Search Warrant.

When the officers executed the Search Warrant they seized a number of items, including a black tower computer and a black and gray Dell computer tower. Sgt. Arey testified that he believed the seizure of these computers was authorized by the Search Warrant. The officers obtained a second search warrant to examine the contents of the computers, as they believed was required by law. (Gov't Exh. 2a.)

The Report and Recommendation is clearly correct in stating that the Fourth Amendment to the United States Constitution requires search warrants to particularly describe the things to be seized, and that any seizure of items which exceeds the scope of a warrant is unconstitutional. United States v. Khanani, 502 F.3d 1281, 1289 (11th Cir. 2007). Items which are seized but are not particularly described in the search warrant are to be excluded from evidence. United States v. Hendrixson, 234 F.3d 494, 497

(11th Cir. 2000); United States v. Travers, 233 F.3d 1327, 1329 (11th Cir. 2000). Nonetheless, the Fourth Amendment must be applied with a practical margin of flexibility, taking into account the nature of the items to be seized and the complexity of the case under investigation. United States v. Wuagneux, 683 F.2d 1343, 1349 (11th Cir. 1982). "The description is considered sufficiently particular when it enables the searcher to reasonably ascertain and identify the things authorized to be seized. [ ] The standard is one of practical accuracy rather than technical nicety." United States v. Betancourt, 734 F.3d 750, 754-55 (11th Cir. 1984)(internal citations and quotations omitted). Words must be given their common sense and realistic meaning. Khanani, 502 F.3d at 1289.

The first issue is whether the court's attention is limited to the Search Warrant, or whether the Affidavit may also be considered. As a general rule, "the contents of the search warrant itself, not the contents of the supporting documents, are scrutinized under the Fourth Amendment's particularity requirement. . . . [A] supporting affidavit, no matter how perfect, cannot save a facially defective warrant." United States v. Pratt, 438 F.3d 1264, 1269-70 (11th Cir. 2006)(citing Groh v. Ramirez, 540 U.S. 551 (2004)), cert. denied, 547 U.S. 1141 (2006). A court "may construe a warrant with reference to a supporting application or affidavit if the warrant uses appropriate words of incorporation, and if the

supporting document accompanies the warrant." Groh, 540 U.S. at 557-58.  See Pratt, 438 F.3d at 1270 n.8.

The Report and Recommendation found that the Affidavit "was attached to the Search Warrant." (Doc. #41, p. 9.) The Search Warrant, however, contains no words of incorporation, and required only that the Warrant be served and left at the premises. (Gov't Exh. 1a.) Therefore, the Court is limited to a review of the Search Warrant in its evaluation of the particularity of the description of the items to be seized. The Court declines to accept the Report and Recommendation to the extent that it includes the language of the Affidavit in its evaluation (Doc. #41, pp. 10-11).

The reference in Item 4 of the Search Warrant to "the above computer related items" is not helpful to the determination because there was no above related items in the Search Warrant. With reference to the Search Warrant alone, however, the Court agrees with the Report and Recommendation that "the list for the items to be searched contains many references to items relating to and found within computers including but not limited to storage devices for graphic and text files, data records relating to a computer, magnetic media, cassettes, disk or memory devices, and backup files." (Doc. #41, p. 10.) The Court concludes that, technical niceties aside, the description in the Search Warrant of the items to be seized was sufficiently particular to enable the officers to

reasonably ascertain and identify the computers as being items which were authorized to be seized.

The Court rejects defendant's argument (Doc. #46, p. 2) that the state Search Warrant had to comply with the federal definition of computer in 18 U.S.C. § 1030(e). The Court also rejects defendant's argument (Doc. #46, pp. 2-4) that allowing seizure of the computers as an authorized item would mean that the February 24, 2009 search warrant was unnecessary. A law enforcement officer's authority to possess an object is distinct from his or her authority to examine its contents. E.g., Walter v. United States, 447 U.S. 649 (1980); United States v. Jacobsen, 466 U.S. 109 (1984); United States v. Mitchell, 565 F.3d 1347 (11th Cir. 2009). The second search warrant may or may not have been necessary, but its issuance does not detract from the validity of the first search warrant.

The Court agrees with the Report and Recommendation's alternative finding (Doc. #41, pp. 11-12) that the good faith exception to the exclusionary rule, as articulated in United States v. Leon, 468 U.S. 897 (1984), is satisfied in this case. The good faith exception applies to this type of issue, Travers, 233 F.3d at 1330, and the facts support its application to this case.

Therefore, the objections to the Report and Recommendation are overruled, although the Court notes its non-reliance on the Affidavit.

**B. February 24, 2009 Search Warrant**

Given the Court's decision as to the February 17, 2009, Search Warrant, the second search warrant on February 24, 2009 was not unconstitutional.

**C. Warrantless Search of Vehicle**

While defense "[c]ounsel is resolute in his contention that the search was illegal and not an inventory search," (Doc. #46, p. 6), the Court agrees with and therefore adopts the Report and Recommendation as to this search (Doc. #41, pp. 12-14). Therefore, this objection is overruled.

Accordingly, it is now

**ORDERED:**

1. With the one exception discussed above, the Magistrate Judge's Report and Recommendation (Doc. #41) is **ACCEPTED AND ADOPTED**, and is specifically incorporated into this Opinion and Order.

2. Defendant's Motion to Suppress Evidence Received by Plaintiff as a Result of Three Unlawful Searches Conducted by Law Enforcement Pursuant to Three Separate Search Warrants, Respectively, and One Unlawful Warrantless Vehicle Search (Doc. #26) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this 19th day of November, 2009.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
U.S. Magistrate Judge
Counsel of Record